**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**Lena Allos,**

**Plaintiff,**

**v.** **Case No.:**

**Directions for Mental Health, Inc.**
**d/b/a Directions for Living,**

**Defendant.**
_______________________________________/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, **Lena Allos** ("Plaintiff"), through undersigned counsel, sues Defendant, **Directions for Mental Health, Inc. d/b/a Directions for Living** ("Defendant"), and states:

## JURISDICTION AND VENUE

1. This action seeks relief for disability discrimination, failure to provide reasonable accommodation, and retaliation under the Americans with Disabilities Act, as amended ("ADA"), 42 U.S.C. §§ 12112 and 12203, and the Florida Civil Rights Act ("FCRA"), Fla. Stat. §§ 760.10 and 760.11.

2. This Court has federal-question jurisdiction over the ADA claims under 28 U.S.C. § 1331 and supplemental jurisdiction over the related FCRA claims under

28 U.S.C. § 1367 because those claims arise from the same employment relationship and events.

3. Venue is proper in this District under 42 U.S.C. §§ 12117(a) and 2000e-5(f)(3) because the challenged employment practices occurred in Pinellas County, Florida. Assignment to the Tampa Division is proper because Pinellas County lies within that Division.

## PARTIES

4. During the events giving rise to this action, Plaintiff resided in Pinellas County, Florida, and worked for Defendant in that county.

5. Defendant, Directions for Mental Health, Inc. d/b/a Directions for Living, operates in Clearwater, Pinellas County, Florida, and employed Plaintiff.

6. At all material times, Defendant was an employer covered by the ADA and FCRA, employing at least fifteen employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year and engaging in an industry affecting commerce.

## ADMINISTRATIVE EXHAUSTION

7. Plaintiff timely filed a verified charge of disability discrimination and retaliation against Defendant with the Equal Employment Opportunity Commission ("EEOC"), designated Charge No. 511-2025-04310, requesting filing with both the EEOC and the Florida Commission on Human Relations ("FCHR").

8. The charge addressed Plaintiff's disability, request for medical leave as an accommodation, Defendant's refusal to accommodate her, and Defendant's treatment of her medical leave request as a resignation despite her express denial that she was resigning.

9. The EEOC dismissed the charge and issued a Determination and Notice of Rights. Plaintiff received the notice, and this action is brought within ninety days of receipt.

10. All conditions precedent to this action under the ADA and FCRA have occurred, have been satisfied, or have been waived. Plaintiff has exhausted the applicable administrative requirements. More than 180 days have elapsed since the charge was filed.

## FACTUAL ALLEGATIONS

11. Defendant hired Plaintiff as an Advanced Practice Registered Nurse ("APRN") on or about September 3, 2024. Defendant ended her employment in April 2025 by treating her request for medical leave as a resignation.

12. Plaintiff was qualified for her APRN position and performed her patient-care responsibilities. Defendant relied on her to see patients assigned to other providers, including children.

13. During her employment, Plaintiff was repeatedly told that there was nothing wrong with her productivity and that her productivity numbers exceeded those of other providers.

14. Plaintiff experienced significantly elevated blood pressure associated with work-related stress. Her physical impairment substantially limited one or more major life activities. Plaintiff's claim of actual disability is based on that impairment and its limitations, not merely on dissatisfaction with her job.

15. Plaintiff became increasingly ill, required medical appointments, and informed her direct supervisor and Medical Director, Dr. Boguslaw Gluszak, of her medical concerns. Her medical appointments were documented and approved.

16. Despite those approvals, Dr. Gluszak told Plaintiff that leadership had noticed her early departures and regarded them as a problem.

17. In early and mid-April 2025, Plaintiff brought her medical concerns and need for accommodation to Defendant's Human Resources department, including Vice President of Human Resources Millie Wagner. Plaintiff met with Wagner on April 4, April 7, and April 15, 2025.

18. During these discussions, Plaintiff sought information about her disability benefits and requested medical accommodation, including a brief period of medical leave. Plaintiff provided Defendant information concerning her condition and need for leave.

19. Wagner told Plaintiff she did not qualify for FMLA leave and suggested that she quit and apply for possible state disability benefits. Plaintiff repeatedly stated that she did not want to resign and would not resign.

20. Plaintiff explained that she believed she had enrolled in disability coverage and that Lincoln Financial had told her she had short-term and long-term disability coverage. Plaintiff sought assistance from Human Resources because she could not access her benefits information.

21. Rather than provide the requested medical leave, Defendant told Plaintiff she was not entitled to short-term disability leave and treated the taking of medical leave as a resignation. Plaintiff's request for leave was a request to preserve her employment while obtaining medical care, not a resignation or merely a demand for insurance payments.

22. Wagner raised part-time work as a possible option, and Plaintiff said she could be open to it. Those discussions concerned options for remaining employed; Plaintiff did not condition her continued employment on being permitted to work simultaneously for Defendant and another employer.

23. Plaintiff had explored other employment opportunities because of her workplace concerns, but she did not intend to work simultaneously for Defendant and another employer and did not resign by exploring those opportunities.

24. Defendant had approved Plaintiff's PTO for April 18 through April 23, 2025. Plaintiff informed scheduling personnel that she would be out of the office for that approved period.

25. On April 17, 2025, Plaintiff attended an emergency medical appointment, and her physician instructed her not to work that day.

26. Plaintiff informed Dr. Gluszak that she would provide further information about when she could return to work. Her reference to being out "until further notice" was made while she was obtaining medical evaluation and did not communicate a decision to resign.

27. Wagner responded by stating that Plaintiff had voluntarily resigned. Plaintiff directly responded that she was not resigning. Defendant nevertheless treated Plaintiff's employment as ended.

28. Plaintiff was able to perform the essential functions of her APRN position with or without reasonable accommodation, including the brief medical leave she requested. That requested accommodation would not have imposed an undue hardship on Defendant.

29. Defendant denied the requested accommodation and ended Plaintiff's employment rather than allow her to remain employed while obtaining the requested medical care. Defendant did not meaningfully explore the requested leave or clarify her anticipated return before treating her as having resigned.

30. Defendant knew of Plaintiff's impairment and accommodation requests through her communications with her supervisor and Human Resources. Wagner personally participated in those discussions and then characterized Plaintiff's medical absence as a resignation.

31. Defendant ended Plaintiff's employment because of her disability and need for accommodation. Alternatively, Defendant regarded Plaintiff as having a physical impairment and ended her employment because of that perceived impairment. The failure-to-accommodate claims below rest on actual disability, not solely on regarded-as coverage.

32. Plaintiff's requests for medical accommodation were made in good faith and with an objectively reasonable belief that she was exercising rights protected by the ADA and FCRA. Plaintiff also objected to being pressured to resign because she needed medical accommodation.

33. Defendant's decision to end Plaintiff's employment followed immediately after her accommodation requests and objections, and was made by Human Resources personnel with direct knowledge of that protected activity. But for Plaintiff's protected activity, Defendant would not have taken that action.

34. Defendant's assertion that Plaintiff voluntarily resigned is false: she repeatedly stated the opposite and was seeking to remain employed. Defendant's reliance on productivity concerns is also pretextual in light of the assurances Plaintiff

received about her productivity and Defendant's reliance on her to see other providers' patients.

35. As a result of the challenged conduct, Plaintiff lost employment, wages, and employment-related benefits, including medical coverage and the opportunity to use her approved PTO, and suffered emotional distress and other compensable losses.

36. Defendant's conduct was intentional and undertaken with malice or reckless indifference to Plaintiff's federally and state-protected rights, including by treating a medical accommodation request as a resignation after Plaintiff expressly stated she was not resigning.

**COUNT I — FCRA DISABILITY DISCRIMINATION (DISCHARGE)**

37. Plaintiff incorporates paragraphs 1 through 36, but does not incorporate any other count.

38. Plaintiff had a disability constituting a handicap protected by Fla. Stat. § 760.10(1)(a) and was qualified to perform the essential functions of her APRN position with or without reasonable accommodation. Alternatively, Defendant regarded Plaintiff as having an impairment and acted because of that perceived impairment.

39. Defendant knew of Plaintiff's impairment and discharged her by treating her medical accommodation request as a resignation despite her repeated statements that she was not resigning.

40. Plaintiff's disability was a but-for cause of the discharge. Defendant's stated resignation and productivity explanations are pretextual for the reasons described above.

41. The discharge violated Fla. Stat. § 760.10(1)(a) and caused Plaintiff the losses described above.

WHEREFORE, Plaintiff requests judgment against Defendant on this count and the relief specified in the Prayer for Relief below to the extent available for this count.

**COUNT II — FCRA RETALIATION**

42. Plaintiff incorporates paragraphs 1 through 36, but does not incorporate any other count.

43. Plaintiff engaged in protected activity by requesting reasonable medical accommodation and objecting to pressure to resign because she needed accommodation. Plaintiff acted on a good-faith, objectively reasonable belief that the requested accommodation and continued employment were protected by the FCRA.

44. Defendant knew of the protected activity through Plaintiff's communications with Dr. Gluszak and Wagner.

45. Defendant took materially adverse action by ending Plaintiff's employment under the false characterization that she had resigned. That action would dissuade a reasonable employee from requesting accommodation or opposing disability discrimination.

46. Plaintiff's protected activity was a but-for cause of the termination. The direct connection between her medical request and the claimed resignation, the decisionmaker's knowledge, and the immediate timing support that causal connection.

47. Defendant violated Fla. Stat. § 760.10(7), causing Plaintiff the losses described above.

WHEREFORE, Plaintiff requests judgment against Defendant on this count and the relief specified in the Prayer for Relief below to the extent available for this count.

**COUNT III — ADA DISABILITY DISCRIMINATION (DISCHARGE)**

48. Plaintiff incorporates paragraphs 1 through 36, but does not incorporate any other count.

49. Plaintiff was a qualified individual with an actual disability within the meaning of the ADA. Alternatively, Defendant regarded Plaintiff as having a physical impairment and discharged her because of that perceived impairment.

50. Defendant knew of Plaintiff's impairment and accommodation requests through its supervisor and Human Resources personnel.

51. Defendant discharged Plaintiff on the basis of disability by treating her medical leave request as a resignation although she expressly denied resigning. Plaintiff's disability was a but-for cause of that discharge.

52. Defendant's stated resignation and productivity explanations are pretextual for the reasons described above.

53. Defendant violated 42 U.S.C. § 12112(a), causing Plaintiff the losses described above.

WHEREFORE, Plaintiff requests judgment against Defendant on this count and the relief specified in the Prayer for Relief below to the extent available for this count.

**COUNT IV — ADA RETALIATION**

54. Plaintiff incorporates paragraphs 1 through 36, but does not incorporate any other count.

55. Plaintiff engaged in protected activity by requesting reasonable medical accommodation and objecting to being pressured to resign because of her need for

accommodation. She acted in good faith and with an objectively reasonable belief that she was exercising rights protected by the ADA.

56. Defendant knew of this protected activity because Plaintiff communicated directly with Dr. Gluszak and Wagner.

57. Defendant took materially adverse action by terminating Plaintiff's employment under the false characterization of a voluntary resignation. That action would dissuade a reasonable employee from exercising ADA rights.

58. The protected activity was a but-for cause of Plaintiff's termination. Wagner participated in the accommodation discussions and then treated the medical absence as a resignation immediately after Plaintiff sought accommodation and expressly stated she was not resigning.

59. Defendant violated 42 U.S.C. § 12203(a), causing Plaintiff lost wages and benefits and entitling her to the relief legally available on this count.

WHEREFORE, Plaintiff requests judgment against Defendant on this count and the relief specified in the Prayer for Relief below to the extent available for this count.

## COUNT V — ADA FAILURE TO ACCOMMODATE

60. Plaintiff incorporates paragraphs 1 through 36, but does not incorporate any other count.

61. Plaintiff had an actual disability within the meaning of the ADA and was qualified to perform the essential functions of her APRN position with reasonable accommodation. This count does not rely solely on regarded-as disability.

62. Defendant knew of Plaintiff's medical limitations and need for accommodation through her communications with her supervisor and Human Resources. Plaintiff specifically requested brief medical leave to obtain medical care while preserving her employment.

63. The requested leave was a reasonable accommodation that would have enabled Plaintiff to perform the essential functions of her position and would not have imposed an undue hardship on Defendant.

64. Defendant refused the requested leave and ended Plaintiff's employment by treating the request as a resignation. Its failure to explore or clarify the requested leave is pleaded as part of the accommodation denial, not as an independent claim for failure to engage in an interactive process.

65. Defendant violated 42 U.S.C. § 12112(b)(5)(A), causing Plaintiff the losses described above.

WHEREFORE, Plaintiff requests judgment against Defendant on this count and the relief specified in the Prayer for Relief below to the extent available for this count.

## COUNT VI — FCRA FAILURE TO ACCOMMODATE

66. Plaintiff incorporates paragraphs 1 through 36, but does not incorporate any other count.

67. Plaintiff had an actual disability constituting a handicap protected by the FCRA and was qualified to perform the essential functions of her APRN position with reasonable accommodation.

68. Defendant knew of Plaintiff's disability-related limitations and her specific request for brief medical leave through her communications with her supervisor and Human Resources.

69. The requested leave was a reasonable accommodation that would have enabled Plaintiff to perform the essential functions of her position and would not have imposed an undue hardship on Defendant.

70. Defendant refused to provide that accommodation and instead ended Plaintiff's employment by treating her medical absence as a resignation. This count challenges the denial of accommodation, not a freestanding failure to engage in an interactive process.

71. Defendant's failure to accommodate violated Fla. Stat. § 760.10(1)(a) and caused Plaintiff the losses described above.

WHEREFORE, Plaintiff requests judgment against Defendant on this count and the relief specified in the Prayer for Relief below to the extent available for this count.

## PRAYER FOR RELIEF

Plaintiff requests that the Court enter judgment in her favor and against Defendant on the counts established and award the following relief, without duplicative recovery:

A. Back pay, lost employment benefits, and other lost remuneration, with interest, to the extent recoverable;

B. Reinstatement to a comparable position or, if reinstatement is not feasible, front pay in lieu of reinstatement, to the extent recoverable;

C. Compensatory damages, including emotional-distress damages, on Counts I, II, III, V, and VI to the extent authorized by the applicable law;

D. Punitive damages on Counts I, II, III, V, and VI to the extent authorized by the applicable law and subject to applicable statutory limitations;

E. On Count IV, back pay, benefits, reinstatement or front pay in lieu of reinstatement, and other equitable relief to the extent legally available;

F. Reasonable attorney's fees, taxable costs, and applicable prejudgment and postjudgment interest; and

G. Such further relief as the Court finds just and proper.

## **JURY TRIAL DEMAND**

Plaintiff demands trial by jury on all issues so triable.

Dated this 23rd of October 2026.

Respectfully submitted,

*/s/ Chad A. Justice*

**CHAD A. JUSTICE**
Florida Bar Number: 121559
Lead Counsel
**SAMUEL DOXSEE**
Florida Bar Number: 127318
**JUSTICE LITIGATION ASSOCIATES, PLLC**
1205 N Franklin St., Suite 326
Tampa, Florida 33602
Direct No. 813-566-0550
Facsimile: 813-566-0770
E-mail: sam@justicelitigation.law
E-mail: chad@justicelitigation.law
**Attorneys for Plaintiff**